PATRICK C. MURPHY v. EDWARD D. NELSON.

*Libel and slander—Judicial proceedings—Affidavit for appeal from justice's court.*

1. A judgment may in fact be a fraud upon the rights of the party against whom it is rendered, while the judicial officer rendering it may have acted in entire good faith.

2. It would lead to strange results if a litigant could not allege, in the pleadings and papers necessary to obtain a review of a judgment rendered against him, that it was in fact a fraud upon his rights, without charging corruption and fraud upon the judicial officer who rendered the judgment.

3. An affidavit filed in support of an application for leave to appeal from a justice's judgment, which alleges that the testimony was concluded after dark on the day of the trial; that thereupon the justice announced an adjournment, but for no definite time; that all of the parties left the justice's office; that the attorney for the defendant was sick for several days after the trial, and unable to attend to business; that judgment was rendered on the day the case was tried; that the affiant was thereby deceived; and that by reason thereof, and of the sickness of the attorney, the defendant was prevented from taking an appeal within the statutory time,—does not charge fraud and dishonesty upon the justice, and is not libelous *per se.*

Error to Gogebic. (Haire, J.) Argued January 20, 1893. Decided February 3, 1893.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*M. H. Crocker,* for appellant, contended:

1. The *ex parte* application to the judge at chambers for leave to appeal was not a regular or legal proceeding, it being required to be made to the court, on notice; citing Circuit Court Rule No. 103; *McCaslin v. Camp,* 26 Mich. 390.

2. But if the petition had been properly presented to the court, the charges made in it against the magistrate were improper.

Broad charges of fraud and dishonesty against a magistrate, without giving particulars, are not grounds for granting leave to appeal from a justice's judgment; and if the libelous statements were unnecessary or irrelevant, or improper statements to be put into the petition, they were not privileged, and an action of libel will lie for the publication; citing *Hart v. Baxter*, 47 Mich. 198; *Marsh v. Ellsworth*, 50 N. Y. 311; *McLaughlin v. Cowley*, 127 Mass. 316; Newell, Defam. p. 423, §§ 26, 27; Id. p. 460, § 51; and the statements "that said justice rendered judgment against said bank in said cause," and "that this affiant was deceived thereby," and "that said judgment is a fraud upon the rights of said bank," are imputations against said justice as a magistrate, and charges against his honesty and integrity as such; citing Newell, Defam. p. 176, § 11.

*Charles E. Miller*, for defendant.

GRANT, J. The alleged libel in this case consists in making, presenting to the circuit judge, and filing in the office of the clerk of the circuit court, an affidavit by defendant, praying for leave to appeal from a judgment rendered by the plaintiff, as a justice of the peace, against the First National Bank of Ironwood, of which defendant was cashier.    Defendant objected to the introduction of any evidence under the declaration, for the reason that it did not set forth a cause of action.    The court sustained the objection, but gave the plaintiff leave to amend, which he refused to do, and thereupon judgment was rendered for the defendant.

The affidavit alleges that the cause was tried November 24; that the testimony was not concluded until after dark, and the court announced an adjournment, but fixed no time, whereupon all the parties left the office; that the attorney for the bank was sick for several days thereafter, and unable to attend to business; that judgment was rendered on said 24th day of November against the bank; that the affiant was deceived thereby; that by reason thereof, and of the sickness of its attorney, the bank was prevented from taking an appeal within the time limited

by the statute; that the bank has a full and perfect defense to said action, as the affiant has been advised by its attorney; and that said judgment is a fraud upon the rights of the bank.

1. The declaration contains no *innuendo* to explain the language of the alleged libelous article. Plaintiff claims that it is libelous *per se,* and that it charges fraud and dishonesty upon him. We do not think this construction can be placed upon the language. We find nothing in the affidavit which can fairly be construed as making such a charge against the plaintiff. The fact that plaintiff announced an adjournment, and the sickness of the attorney, are the two facts upon which defendant based his right to appeal. The fact that the plaintiff announced an adjournment, and afterwards entered judgment on the same day, does not charge an intent to deceive the defendant. The case had been submitted, and the justice had four days within which to enter judgment. No announcement of an adjournment was necessary, but, having announced it, the natural inference is that he desired time for deliberation, and would enter judgment within the next four days. The rendition of the judgment on the same day was entirely proper, but the defendant might well think, on account of the lateness of the hour, that judgment would be rendered on a subsequent day, and might very naturally be deceived by such announcement, and might so state without any reflection on the conduct of the justice.

2. A judgment may in fact be a fraud upon the rights of the party against whom it is rendered, while the judicial officer rendering it may have acted in entire good faith. It would certainly lead to strange results if litigants could not allege, in the pleadings and papers necessary to obtain review of judgments, that such judgments were in fact a fraud upon their rights, without charging

corruption and fraud upon the judicial officers rendering them.

Judgment affirmed.

The other Justices concurred